**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4453**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JEFFREY D. CROSS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:23-cr-00021-TSK-MJA-2)

_____

Submitted:  February 27, 2025                  Decided:  March 3, 2025

_____

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey D. Cross appeals his conviction and the 12-month sentence imposed following his guilty plea to making a false statement in connection with the acquisition of a firearm, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(a)(6), 924(a)(2).  On appeal, Cross's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Cross's sentence.  Though notified of his right to do so, Cross has not filed a pro se supplemental brief.  The Government has declined to file a response brief. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.  If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

We conclude that the district court imposed a procedurally reasonable sentence by correctly calculating the Guidelines range, allowing the parties to advocate for an appropriate sentence, giving Cross an opportunity to address the court, sufficiently addressing Cross's arguments for a shorter sentence, and considering the § 3553(a) factors.

2

Furthermore, nothing in the record rebuts the presumption of substantive reasonableness accorded Cross's within-Guidelines-range sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cross, in writing, of the right to petition the Supreme Court of the United States for further review. If Cross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cross.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*